UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIZ F.,

    Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C22-1494-BAT

**ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION**

Plaintiff appeals the ALJ's 2021 decision finding her not disabled. Plaintiff contends the ALJ misevaluated the medical opinions of Tasmyn Bowles, Psy.D., Luci Carstens, Ph.D., and Donsetta Powell, B.A. Dkt. 11 at 2. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case with for further proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is now 54 years old, has a GED and real estate training, and previously worked as an audiovisual technician, pharmacy assistant, and patient account representative. Tr. 39-50. In August 2018, Plaintiff applied for benefits, alleging disability as of January 1, 2018. Tr. 283-97. Her applications were denied initially and on reconsideration. Tr. 176-79, 183-88. The ALJ conducted a hearing in June 2020, Tr. 31-82, and subsequently found Plaintiff not disabled. Tr.

153-66. The Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ. Tr. 171-74. On remand, the ALJ held another hearing in June 2021, Tr. 83-117, and issued a decision finding Plaintiff not disabled. *See* Tr. 15-25. The Appeals Council denied Plaintiff's request for review making the ALJ's 2021 decision the Commissioner's final decision. Tr. 1-6.

## DISCUSSION

Plaintiff contends the ALJ misevaluated several medical opinions. The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically detailing whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

**A.      Tasmyn Bowes, Psy.D.**

Dr. Bowes examined Plaintiff in 2018 and 2020, and on both occasions completed DSHS form opinions describing Plaintiff's mental limitations. Tr. 442-52, 492-99. The ALJ rejected the doctor's opinions first finding Dr. Bowes examined Plaintiff on two occasions but did not have access to her longitudinal treatment record. Tr. 22. Dr. Bowles's status as an examining doctor is not a valid basis to discount the doctor's opinion. The ALJ may, or course, consider a source's familiarity with other evidence in the claimant's record, when assessing a source's opinion. *See* 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3). The ALJ discounted Dr. Bowles's opinion stating the doctor "did not review any treatment records." Tr. 22. The statement implies there are unreviewed records that would contradict Dr. Bowles's opinion. But the ALJ failed to identify what records he was referring to and thus provided nothing to his rationale.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION - 2

Second, the ALJ rejected Dr. Bowes's assessment because the doctor's mental status examination (MSE) findings were normal. The MSE indicated Plaintiff had normal thought content, perception, memory, fund of knowledge, concentration, and abstract thought and insight. *See e.g.,* Tr. 571-518. These findings track with Dr, Bowles's assessment that Plaintiff has no limitations in her ability to understand, remember, persist in simple tasks; perform routine tasks; make simple decisions; be aware of hazards; and ask questions. Tr. 516. But the MSE findings say little about Dr. Bowles's assessment that Plaintiff has moderate or marked limitations in her ability to persist in detailed tasked; work within a normal schedule; adapt to changes; perform effectively and complete a normal workday. Tr. 516. These limitations appear to flow from Dr. Bowles's assessment that Plaintiff 10-year history of depressive disorder causes sadness, lack of energy/motivation, irritability and sleep disturbance, and her anxiety causes panic symptoms, irritability and difficulty falling asleep. Tr. 515. The MSE findings do not contradict these symptoms, and these are the symptoms Dr. Bowles appears to rely upon in assessing Plaintiff's marked and moderate work limitations. The ALJ accordingly erred in finding the MSE are grounds to discount Dr. Bowles's assessment.

And third, the ALJ found Dr. Bowles's assessment was inconsistent with the record of the whole, citing Plaintiff's MSE results. Tr. 22. As noted above Plaintiff's MSE findings do not address Dr. Bowles's assessment that depression and anxiety limit Plaintiff's ability to perform work.

The Court accordingly finds the ALJ erroneously discounted Dr. Bowles's opinions.

**B.      Luci Carstens, Ph.D.**

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION - 3

1    In April 2018, Dr. Carstens reviewed Dr. Bowes's 2018 opinion and two psychological
2 evaluations from 2015 and 2016 to assess Plaintiff's eligibility for state benefits. Tr. 500-01.
3 The ALJ first found because Dr. Carsten's review occurred in April 2018 it has limited
4 relevance. Tr. 22. The ALJ erred. Dr. Bowles indicated Plaintiff has suffered from mental health
5 problems for at least 10 years. Thus, Plaintiff's mental health condition is not something that
6 suddenly popped up in January 2018 when Plaintiff claimed she disability. The records Dr.
7 Carstens reviewed, and her opinion of the record and Dr. Bowles's are thus relevant to Plaintiff's
8 condition.

9    The ALJ also rejected Dr. Carstens' opinion because the doctor did not examine Plaintiff.
10 The ALJ erred as this contravenes how the agency often relies upon the opinion of a reviewing
11 doctor, and the status of a doctor as a reviewing doctor is not a basis to reject the doctor's
12 opinion. And lastly, the ALJ rejected Dr. Carsten's opinion as inconsistent with the record, her
13 own conclusion, brief and conclusory. Dr. Carstens essentially agreed with Dr. Bowles's
14 assessment. Because the ALJ erred in rejecting Dr. Bowles's opinions, the ALJ similarly erred in
15 rejecting Dr. Carsten's opinions.

16 **C.     Donsetta Powell, RC, BA**

17    After Ms. Powell had treated Plaintiff in four counseling sessions, she wrote a letter in
18 May 2021 describing Plaintiff's course of treatment and completed a form opinion that rated
19 Plaintiff's limitations in certain areas. Tr. 523-28. Ms. Powell indicated she could not rate
20 Plaintiff's limitations related to work stressors and could not assess her need for scheduling
21 flexibility or breaks. Tr. 525. Ms. Powell also opined Plaintiff had disabling limitations in most
22 areas of mental functioning, other than understanding/memory. Tr. 524-28.

23

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION - 4

The ALJ rejected Ms. Powell's opinion first because the opinion was rendered after four counseling sessions. The ALJ erred. The ALJ presents nothing showing Ms. Powell lacked knowledge to render an opinion after four sessions. The ALJ also discounted Ms. Powell's opinion because she did not do Plaintiff's intake and Plaintiff saw other providers. Neither is valid, otherwise a treating doctor who did not do a patient's intake could never render an opinion. Additionally, that Plaintiff saw other providers for her mental health problems is not a fact that contradicts Ms. Powell's opinions.

The ALJ also discounted Ms. Powell's opinions because she could not render an opinion about work-related stressors, breaks and absences. This is not a rational ground to reject Ms. Powell's opinion.  Her caution about the scope of Plaintiff's limitations is not contradictory, rending her opinions invalid.

The ALJ further rejected the opinion because Ms. Powell did not provide "objective findings" to support her opinions. Ms. Powell is a mental health professional and the ALJ did not indicate what "objective" evidence could be presented or was needed in order for an assessment to be given weight. As discussed above the MSE may be a form of "objective" evidence but as applied here, the MSE does not sufficiently describe how Plaintiff's depression and anxiety symptoms cause limitations. Ms. Powell's letter indicates she is treating Plaintiff for depression and anxiety and Plaintiff's conditions cause mood fluctuates; difficulty working around men due to trauma she has suffered; fears about accepting jobs as work may bring up distressing memories; and inability to do public events as they make her feel lost and traumatized. This is thus not a case in which Ms. Powell provided no basis for her opinions. The ALJ accordingly erred in rejecting Ms. Powell's opinion.

Lastly, the ALJ rejected Ms. Powell's opinion as inconsistent with record. As noted above, the ALJ erred in relying on this ground in rejecting the opinions of Drs. Bowles and Carstens and similarly erred here.

## CONCLUSION

For the foregoing reasons, the Court finds the ALJ harmfully erred and **ORDERS** the Commissioner's final decision is **REVERSED and** this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of Drs. Bowles and Carstens, and Ms. Powell; develop the record and redetermine RFC as needed and proceed to remaining steps as appropriate.

DATED this 13th day of July, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge